# EXHIBIT E



LEXSEE 1999 US APP LEXIS 12081


Analysis
As of: Dec 22, 2009

CARROLL FELTON, Plaintiff-Appellant, v. GEORGE F. FELTON, JR., Defendant-Appellee.

No. 98-1256

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*1999 U.S. App. LEXIS 12081*

**January 25, 1999, Argued**
**June 11, 1999, Decided**

**NOTICE:** [*1] RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1999 U.S. App. LEXIS 22264.*

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-97-1955-S).

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff appealed from a ruling of the United States District Court for the District of Maryland, which awarded summary judgment in favor of defendant in plaintiff's negligence action in admiralty against defendant, her estranged husband.

**OVERVIEW:** Plaintiff sued defendant, her estranged husband, for negligence in admiralty for back injuries she sustained while riding as a passenger on his boat. The district court entered summary judgment for defendant, concluding that plaintiff failed to offer sufficient evidence that defendant was negligent, either in operating his boat at an excessive rate of speed or in choosing to undertake and to continue the voyage in adverse weather. The court affirmed. To prevail in a negligence action in admiralty, plaintiff had to demonstrate that defendant breached the duty of exercising reasonable care under the circumstances that he owed to her as a boat passenger. Plaintiff admitted to having no training or experience in operating boats, and the district court found her testimony on excessive boat speed inadmissible under *Fed. R. Evid. 701*, which required lay witness opinion testimony to be rationally based on the witness's perception. There was insufficient evidence on which a reasonable trier of fact could conclude by a preponderance of the evidence, that defendant negligently operated the boat.

**OUTCOME:** Summary judgment in favor of defendant in plaintiff's negligence action in admiralty was affirmed because plaintiff failed to offer sufficient evidence to show that defendant was negligent.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Appellate Review > General Overview*
*Civil Procedure > Summary Judgment > Burdens of Production & Proof > General Overview*
*Civil Procedure > Appeals > Standards of Review*

Case 4:09-cv-00003-BR   Document 39-8   Filed 12/30/09   Page 2 of 6

[HN1] In reviewing the district court's order granting summary judgment to the defendant, the court must scrutinize the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of her claim at trial.

*Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview*
*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
[HN2] In response to a properly supported motion for summary judgment, the nonmoving party may not simply rest on her pleadings or on conclusory allegations but must set forth specific facts showing that there is a genuine issue for trial. *Fed. R. Civ. P. 56(e)*. In addition, only facts that would be admissible at trial may defeat summary judgment.

*Admiralty Law > Personal Injuries > Maritime Tort Actions > Negligence > Invitees, Passengers & Stowaways*
*Admiralty Law > Shipping > Carrier Duties & Obligations > Passengers*
*Torts > Transportation Torts > Watercraft > General Overview*
[HN3] To prevail in a negligence action in admiralty, a plaintiff must demonstrate that the boat owner breached the duty of exercising reasonable care under the circumstances that he owes to boat passengers.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN4] The appellate court reviews a district court's decision to deny a *Fed. R. Civ. P. 59(e)* motion to alter or amend the judgment for abuse of discretion.

*Admiralty Law > Personal Injuries > Maritime Tort Actions > Negligence > Burdens of Proof*
*Torts > Negligence > Proof > Res Ipsa Loquitur > Evidentiary Effect*
*Workers' Compensation & SSDI > Maritime Workers' Claims > Negligence*

[HN5] The mere happening of an accident does not give rise to a res ipsa inference of negligence or breach of duty under general maritime law.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN6] A party seeking to present new evidence in a *Fed. R. Civ. P. 59(e)* motion must produce a legitimate justification for not presenting the evidence during the earlier proceeding.

**COUNSEL:** ARGUED: Thomas Joseph Dolina, BODIE, NAGLE, DOLINA, SMITH & HOBBS, P.A., Towson, Maryland; Dwight Charles Stone, Baltimore, Maryland, for Appellant.

Michael Sean DeBaugh, LORD & WHIP, P.A., Baltimore, Maryland, for Appellee.

ON BRIEF: J. Paul Mullen, LORD & WHIP, P.A., Baltimore, Maryland, for Appellee.

**JUDGES:** Before ERVIN, NIEMEYER, and KING, Circuit Judges. Judge Niemeyer wrote the opinion, in which Judge Ervin and Judge King joined.

**OPINION BY:** NIEMEYER

**OPINION**

**OPINION**

NIEMEYER, Circuit Judge:

Carroll Felton filed this negligence action in admiralty against her estranged husband, George Felton, for back injuries that Carroll sustained while riding as a passenger in George's boat on the Chesapeake Bay in Maryland. The district court entered summary judgment in favor of George, concluding that Carroll failed to offer sufficient, admissible evidence [*2] to demonstrate that George was negligent, either in operating his boat at an excessive rate of speed or in choosing to undertake and to continue the voyage in adverse weather conditions. We affirm.

I

On June 26, 1994, George and Carroll Felton left Anchor Bay Marina in the Middle River section of Baltimore County for a day trip across the Chesapeake Bay and back aboard George's newly acquired, 22-foot cabin cruiser. The Feltons were married at the time but had been living apart for approximately 18 months. [1] While the Feltons dined across the bay at Mears Marina in Kent County, a severe thunderstorm arose, causing George to

postpone the return leg of the voyage until the next morning.

> 1 The record is unclear as to whether they subsequently reconciled and resumed living together prior to this appeal.

When the Feltons awoke at dawn, the weather was "windy" and "misting," with "relatively calm" water in the sheltered cove at Mears Marina. Carroll told her husband that she did not wish to cross the bay because [*3] she "was afraid it would be rough," but George decided to undertake the 40-minute return voyage that morning because the radio weather forecast had predicted an afternoon storm. Carroll did not attempt to secure an alternate mode of transportation back.

George had many years of experience operating powerboats, including successful completion of a Coast Guard boating education course. Carroll, on the other hand, had ridden in boats but did not know how to operate one and, in fact, had dropped out of the boating education course George had completed because she "wasn't interested."

As George navigated the boat out of the Mears Marina, Carroll sat on a cushioned seat next to her husband in the back of the boat. When the Feltons entered the bay, they encountered what Carroll characterized as "rough water," which prevented her from seeking shelter in the cabin compartment. According to Carroll, George refused her requests to discontinue the voyage and to slow down.

Approximately 15 minutes into the trip, as Carroll bounced up and down on her seat, she heard and felt her back "snap." Upon arrival at Anchor Bay, she was removed from the boat by paramedics. She was eventually diagnosed [*4] with a compressed disc and a compression fracture in her back.

Nearly three years later, on June 16, 1997, Carroll sued her husband in admiralty, alleging negligence and unseaworthiness. The district court granted George's motion for summary judgment, concluding that "there is utterly no competent evidence offered that makes out a triable case of negligence." Noting that Carroll admitted to having no training or experience in operating boats and "no idea of boat speeds," the district court found her testimony as to excessive boat speed inadmissible under *Federal Rule of Evidence 701*, which requires lay witness opinion testimony to be rationally based on the perception of the witness. The district court also determined that Carroll, whose opposition to summary judgment was supported only by her own deposition testimony, had failed to introduce evidence that George's decisions to undertake and to continue the voyage were "outside the realm of ordinarily pendent seamanship."[2]

> 2 Carroll does not appeal the grant of summary judgment to George on her unseaworthiness claim.

[*5] The district court also denied Carroll's *Rule 59(e)* motion to alter or amend the judgment, which she based on a new legal theory, and some marine weather forecasts that she obtained for the Chesapeake Bay area for the date of her injury. Observing that boat passengers can bounce up and down in the absence of negligent boat operation, the court rejected Carroll's first-time reliance on a *res ipsa loquitur* theory. In addition, the court concluded that, even considering Carroll's submission of previously unproduced documents regarding weather forecasts for the general vicinity of the accident, Carroll had failed to produce sufficient evidence of negligence by George Felton.

II

[HN1] In reviewing the district court's order granting summary judgment to the defendant, we must "scrutinize[] the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of [her] claim at trial." *Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993)*. [HN2] In response to a properly supported motion for summary judgment, the nonmoving party may not simply rest on her pleadings or on conclusory allegations [*6] but must "set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*. In addition, only facts that would be admissible at trial may defeat summary judgment. *See id.*; *see also Mitchell, 12 F.3d at 1316*.

[HN3] To prevail in a negligence action in admiralty, a plaintiff must demonstrate that the boat owner breached the duty of "exercising reasonable care under the circumstances" that he owes to boat passengers. *Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632, 3 L. Ed. 2d 550, 79 S. Ct. 406 (1959)*. The district court properly concluded, in light of this framework, that Carroll failed to introduce sufficient, admissible evidence to avoid summary judgment.

First, as to Carroll's contention that George was negligent in operating the boat at an excessive rate of speed, the only evidence supporting this allegation is Carroll's own conclusory deposition testimony that he was traveling "faster than I would have wanted to be on a boat going. I have no idea of boat speeds, but it was fast, very fast. . . . He was going too fast as far as I was concerned." The district court did not err in concluding that this testimony was inadmissible [*7] under *Federal Rule of Evidence 701*, and therefore insufficient to defeat summary judgment. *Federal Rule of Evidence 701* provides that a lay witness' testimony in the form of opin-

ions or inferences is only admissible if it is "rationally based on the perception of the witness." In other words, lay opinion testimony is inadmissible absent an adequate factual foundation demonstrating a rational link between the witness' observations and her ultimate testimonial conclusions. *See United States v. Leak, 123 F.3d 787, 795 (4th Cir. 1997)* (disregarding lay witness opinion testimony for lack of "specific factual support for [the witness'] belief"); *see also Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1198 (3d Cir. 1995)* (explaining that the rational basis prong of *Rule 701* requires the lay witness' opinion to be "grounded either in experience or specialized knowledge"); *United States v. Fowler, 932 F.2d 306, 312 (4th Cir. 1991)* (permitting lay witness opinion testimony only after an "adequate foundation" was laid).

Without explicitly contesting the district court's conclusion that her testimony as to excessive speed is inadmissible under *Rule 701*, Carroll argues [*8] that, through her prior experience as a passenger in boats piloted by George, she "has acquired a sense of the reasonable speed at which a small boat should travel" and that she can "competently opine that George was traveling too fast in light of the weather." We disagree.

Carroll identified no rational basis for her conclusion that George was going too fast. She admitted that she had no training, education, or interest in the operation of boats. In fact, when asked to estimate the speed of the boat at the time her back was injured, she could only say that it was "faster than I would have wanted . . . too fast as far as I was concerned." Carroll was also unable to specify the proper boat speed, stating only that George should have been going "just slower than whatever he was." Finally, the only reason Carroll identified for her conclusion that George was going too fast was that she "can't imagine speeding through rough water." Thus, the only discernible basis for Carroll's testimony is her fear of riding in rough water. Her bare assertion that her husband was going faster than she preferred is precisely the kind of unsupported assertion that is properly excluded under *Rule 701*. And [*9] because Carroll introduced no other evidence aside from her own deposition testimony, the district court's entry of summary judgment was appropriate.

Next, Carroll maintains that the district court erred in requiring her to use expert testimony to prove that George's actions fell below the standard of care.[3] Carroll's argument focuses on the district court's statement that

> given the absence of any testimony by an expert establishing that Mr. Felton's operation of the boat deviated from the standard of care, and given Ms. Felton's self-confessed ignorance of seamanship, *see Fed. R. Evid. 701, 702*, there is not sufficient evidence upon which a reasonable trier of fact could conclude, by a preponderance, that Mr. Felton negligently operated the boat.

It is true that expert testimony is not necessary to establish negligence "where the negligence and harmful results are sufficiently obvious as to lie within common knowledge." *Fitzgerald v. Manning, 679 F.2d 341, 350 (4th Cir. 1982)* (internal quotation marks and citation omitted). Nevertheless, this principle cannot make Carroll's case. The district court did not mandate expert testimony to establish a breach [*10] of the duty of care. Rather, the district court's statement merely reflects the practical reality that the lack of *both* expert testimony *and* lay testimony -- because Carroll's own testimony was inadmissible for lack of a rational basis -- was fatal to Carroll's case.

> 3 Carroll erroneously asserts that the district court failed to address her claim that George was negligent not only in operating the boat at an excessive speed, but also in deciding to undertake the voyage in the first place and in refusing to turn back once the trip was underway. However, after resolving the speed issue, the district court explicitly addressed "other alleged lapses on Mr. Felton's operation of the boat" and concluded that Carroll had failed to offer any evidence that George's "decisions and actions were outside the realm of ordinarily pendent seamanship."

Although Carroll need not have submitted expert testimony to demonstrate that George's actions were unreasonable, she nevertheless failed to carry her burden to "set [*11] forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*. Apart from expert testimony, there are numerous types of evidence that Carroll could have introduced in opposition to summary judgment to show that George was negligent in going too fast or in crossing the bay at all. For example, regarding negligence through excessive speed, Carroll could have compared George's speed that day to the speeds of other boats she saw, or she could have pointed to objective limitations of the boat at that speed. And regarding negligence in venturing out and not turning back, Carroll could have stated whether she saw other boats on the water that day or whether George knew about and ignored Coast Guard advisories or warnings. Carroll could have submitted additional evidence to establish the severity of the actual weather conditions, such as testimony from the harbor master at Mears Marina or weather reports recording conditions in the relevant area

of the bay. Instead, Carroll chose to rely solely on her own deposition testimony giving subjective impressions.

Finally, [HN4] we review a district court's decision to deny Carroll's *Rule 59(e)* motion to alter or amend the [*12] judgment for abuse of discretion. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998)*. We have recognized three grounds for amending an earlier judgment, none of which properly apply here: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)*.

We have made clear that such motions are not to be used "to raise arguments which could have been raised prior to the issuance of the judgment, " nor "to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co., 148 F.3d at 403*. Based on this principle, the district court need not even have considered Carroll's attempt to advance the doctrine of *res ipsa loquitur* for the first time in her motion to alter or amend. In any case, the district court did not abuse its discretion in rejecting the applicability of the doctrine. *See Estate of Larkins v. Farrell Lines, Inc., 806 F.2d 510, 512 (4th Cir. 1986)* (noting that "[HN5] the mere happening [*13] of an accident . . . does not give rise to a *res ipsa* inference of negligence or breach of duty under . . . general maritime law").

In addition, Carroll's submission of an affidavit and various weather forecasts does not qualify as new evidence appropriately introduced in a *Rule 59(e)* motion because this evidence could have been, but was not, presented in opposition to summary judgment. *See Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)* (requiring [HN6] a party seeking to present new evidence in a *Rule 59(e)* motion to "produce a legitimate justification for not presenting the evidence during the earlier proceeding" (internal quotation marks and citation omitted)). In any case, the weather forecasts did not purport to describe actual conditions; they were merely forecasts. And in this case, they forecast an average of 2-foot waves for the Chesapeake Bay north of the Potomac River with 20 knots of wind and showers. There was no evidence that a 22-foot cabin cruiser should not reasonably be on the water under such conditions.

For the reasons stated, the judgment of the district court on the motion for summary judgment and its ruling on the motion to alter or amend the judgment are

[*14] AFFIRMED.