# EXHIBIT F



# MARITIME SERVICES, INC.

P. O. BOX 3549, MOREHEAD CITY, NC 28557
Office: (252) 240-3928   Fax: (252) 240-0192
e-mail: MSI@ec.rr.com

November 24, 2008

Mr. G. Wayne Hardee
202 E. Arlington Blvd., Suite W
Greenville, NC 27835-0924

RE: Dr. Benjamin G. Hines

I have been retained by Hardee and Hardee, attorneys for Dr. Benjamin G. Hines, Plaintiff, to review, evaluate and, if necessary, to render my expert opinions in the claims of personal injury arising out of an accident occurring on or about March 21, 2006. Dr. Hines was injured while onboard a recreational vessel which was being operated by Mr. John Banister Hyde during an underway sales demonstration in the area of the Beaufort Inlet in North Carolina.

With regards to my qualifications to give opinions in this matter, I have attached a list of my credentials to this report. In addition to my qualifications, I am familiar with the area where the incident involving Dr. Hines occurred as I have transited the area by vessel on many occasions.

I am being compensated for my services at the rate of one hundred Twenty-five dollars ($125.00) per hour.



DEFENDANT'S EXHIBIT

RE: Dr. Benjamin G. Hines

---

I have reviewed the following information and conducted the following interview.

    A. NOAA chart # 11547

    B. NOAA chart # 11545

    C. Navigation Rules, COMDTINST M16672.2D

    D. Verbal interview with Dr. Benjamin G. Hines

    E. NOAA tide and current information for The Beaufort Inlet near Fort Macon, NC for March 21, 2006.

    F. NOAA weather data for Station CLKN7 Cape Lookout, NC March 21, 2006

    G. NOAA weather data for Station 41035 Onslow Bay, NC March 20 and 21, 2006.

    H. Inspection of recreational vessel Hull Identification Number TJZ10105H506

## OPINIONS:

It is my opinion, based upon my experience, training and a review of the above referred to materials that:

1. The accident occurred

   The factual basis of my opinion is as follows:

   Verbal interview with Dr. Benjamin G. Hines

2. That the accident occurred on Navigable waters of the United States

   The factual basis of my opinion is as follows:

   Verbal interview with Dr. Benjamin G. Hines

3. That, at the time of the accident, Dr. Benjamin G. Hines was a passenger onboard the recreational vessel with Hull Identification Number TJZ10105H506

   The factual basis of my opinion is as follows:

   Verbal interview with Dr. Benjamin G. Hines

4. That John Banister Hyde was the operator of the vessel at the time of the accident

   The factual basis of my opinion is as follows:

   Verbal interview with Dr. Benjamin G. Hines

5. That on March 21, 2006, John Banister Hyde, did not exercise due care under the existing circumstances, by operate the vessel showing Hull Identification Number TJZ10105H506 at an excessive speed for the existing conditions. This lack of due care by operating the vessel at an unsafe speed under the existing circumstances, resulted in severe injuries to Dr. Benjamin G. Hines.

   Upon encountering large seas, Mr. Hyde did not reduce the speed of the vessel resulting in the vessel being driven hard into the oncoming waves. Due to this high-speed impact, the forward area of the vessel was driven violently upward and then dropped sharply into the trough behind the wave as the vessel passed over it. This action resulted in Dr. Benjamin G. Hines being catapulted upward and then striking the deck violently as the vessel rebounded from the bottom of the wave trough.

   The factual basis of my opinion is as follows:

   (a) Verbal interview with Dr. Benjamin G. Hines

    (b) Navigation Rules COMDTINST M16672.2D Rule # 6 "SAFE SPEED"
       RULE 6:
       *"Every vessel shall at all times proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions. In determining a safe speed the following factors shall be among those taken into account:"*
          (a) *"by all vessels"*
             (v) *"the state of wind, sea, and current, and the proximity of navigational hazards."*

    (c) RULE # 2 RESPONSIBILITY:
       *"Nothing in these Rules shall exonerate any vessel, or the owner, master, or crew thereof, from the consequences of any neglect to comply with these Rules or of the neglect of any precaution which may be required by the ordinary practice of seamen, or by the special circumstances or the case."*

6. That on March 21, 2006, John Banister Hyde, did not exercise due care under the existing circumstances, by operating the vessel showing Hull Identification Number TJZ10105H506, while not maintaining a proper lookout. The failure to exercise due care under the circumstances by not maintaining a proper lookout, resulted in severe injuries to Dr. Benjamin G. Hines.

Mr. Hyde should have observed the oncoming waves and sea conditions in sufficient time to have warned his passengers of the approaching dangers and taken appropriate actions to lessen the exposure of his vessel and passengers to that danger. Actions taken should have included a reduction in speed and also an alteration of course, which would have resulted in greatly lessening the amplitude of the forward area of the vessel as it encountered the waves and, therefore, lessened the impact on the vessel and passengers.

The factual basis of my opinion is as follows:

(a) Verbal interview with Dr. Benjamin G. Hines

RE: Dr. Benjamin G. Hines

(b) Navigation Rules COMDTINST M16672.2D
   RULE # 5 *LOOK-OUT*;
   *"Every vessel shall at all times maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision."*

(c) RULE # 2 *RESPONSIBILITY*:
   *"Nothing in these Rules shall exonerate any vessel, or the owner, master, or crew thereof, from the consequences of any neglect to comply with these Rules or of the neglect of any precaution which may be required by the ordinary practice of seamen, or by the special circumstances or the case."*

7. That on March 21, 2006, Dr. Benjamin G. Hines, was not negligent in any manner and did not contribute to the injuries he sustained when he was thrown into the air and subsequently struck the deck of the vessel operated by Mr. John Banister Hyde.

On that date, Dr. Benjamin G. Hines was a passenger onboard the vessel operated by John Banister Hyde. He was standing in a location where he had good handholds. He was not in control of the vessel, nor did he have any responsibility regarding the operation or navigation.

The factual basis of my opinion is as follows:

Verbal interview with Dr. Benjamin G. Hines

SUBMITTED WITHOUT PREJUDICE,

*[signature]*

CAPT. DON W. DAVIS, NAMS – CMS

*[Seal: INTERNATIONAL ASSOCIATION OF MARINE INVESTIGATORS — CERTIFIED MARINE INVESTIGATOR 2038-0062]*

*[Seal: DON W. DAVIS No. 133-521]*

DWD/kd
(06/leg)