UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:09-CV-003-BR

| | | |
|---|---|---|
| BENJAMIN G. HINES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| TRIAD MARINE CENTER, INC. | ) | |
| d/b/a BOATS UNLIMITED NC and | ) | |
| JOHN BANISTER HYDE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. Plaintiff filed a response, to which Defendants replied, and the matter is ripe for disposition.

## I. BACKGROUND

Plaintiff commenced this admiralty action on 9 January 2009, alleging that he suffered injuries due to Defendant John Hyde's negligent operation of a boat during a sea trial on 21 March 2006. Compl. ¶¶ 15-16. Plaintiff was interested in purchasing a boat from Defendant Triad Marine Center, Inc., doing business as Boats Unlimited NC ("Boats Unlimited"). On 21 March 2006, Hyde, a salesman for Boats Unlimited, brought the boat to a dock near Plaintiff's home, and Plaintiff and one other passenger boarded the boat for a sea trial. Hyde Dep. at 7, 32, 34-35; Hines Dep. at 205-06, 207. After Plaintiff drove the boat for some time, Hyde began operating the boat, and the boat subsequently encountered a wave, whereupon Plaintiff was thrown into the air, hit his head on the boat's T-top and landed on the deck of the boat. Hines Dep. at 215, 226.

## II. ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The summary judgment inquiry . . . scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993). In evaluating a motion for summary judgment, facts and inferences must be viewed in the light most favorable to the non-movant. *Anderson*, 477 U.S. at 255.

### A. Plaintiff's *Prima Facie* Case

Defendants contend that Plaintiff's deposition testimony on its own is insufficient to establish a *prima facie* case. Mem. Supp. Mot. Summ. J. at 7-10. The elements of a maritime negligence claim are the same as a negligence claim on land, excepting inapplicable common law features of land-based claims. *Evergreen Int'l, S.A. v. Norfolk Dredging Co.*, 531 F.3d 302, 308 (4th Cir. 2008). Plaintiff must show that Defendants owed him a duty of care, breached that duty, and caused injury to Plaintiff through such breach. *Virginia Int'l Terminals, Inc. v. M/V Katsuragi*, 263 F. Supp 2d 1025, 1035 (E.D. Va. 2003).

The unpublished case Defendants cite in support of their contention that a plaintiff's deposition testimony regarding excessive speed is insufficient on its own to avoid summary judgment, Mem. Supp. Mot. Summ. J. at 7-8, is inapposite. The plaintiff in that case admitted

2

she did not know how to operate a boat; she had no idea how fast the boat was actually going; nor did she know how fast it should have been going; she simply opined that the boat's speed was too fast. *See Felton v. Felton*, No. 98-1256, 1999 WL 381814, *1, 3 (4th Cir. 1999). The Fourth Circuit found that the district court has properly excluded the plaintiff's testimony under Federal Rule of Evidence 701 because her lay opinion lacked a rational basis. *Id.* at *3. The plaintiff had no other evidence that the boat was operated at an excessive speed, thus summary judgment was appropriate. *Id.*

In this case, Plaintiff offers not only his own testimony, which is that of an experienced boater (including his experience on the boat at issue, driving immediately prior to the time Hyde did), Hines Dep. at 193-96, 217-18, 220, 221-22, but also the report and testimony of an expert witness to support his contentions regarding maintaining proper speed, keeping the boat under proper control, keeping a proper lookout, and using reasonable care. Having reviewed Plaintiff's testimony and his expert's testimony, the court finds that Plaintiff has presented sufficient evidence to establish a *prima facie* case of negligence by Defendants.

**B. Plaintiff's Expert Witness**

Defendants argue that the opinions of Plaintiff's expert should be excluded for being unreliable. Mem. Supp. Mot. Summ. J. at 10. Specifically, Defendants contend that the opinion of Plaintiff's expert is faulty because the expert did not interview or otherwise obtain statements from Hyde or the other passenger of the boat in addition to Plaintiff. *Id.* at 18.

An expert may testify "in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the [expert] has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Under *Daubert v. Merrell Dow Pharmaceuticals*, the focus of the

3

Case 4:09-cv-00003-BR   Document 70   Filed 07/27/10   Page 3 of 6

she did not know how to operate a boat; she had no idea how fast the boat was actually going; nor did she know how fast it should have been going; she simply opined that the boat's speed was too fast. *See Felton v. Felton*, No. 98-1256, 1999 WL 381814, *1, 3 (4th Cir. 1999). The Fourth Circuit found that the district court has properly excluded the plaintiff's testimony under Federal Rule of Evidence 701 because her lay opinion lacked a rational basis. *Id.* at *3. The plaintiff had no other evidence that the boat was operated at an excessive speed, thus summary judgment was appropriate. *Id.*

In this case, Plaintiff offers not only his own testimony, which is that of an experienced boater (including his experience on the boat at issue, driving immediately prior to the time Hyde did), Hines Dep. at 193-96, 217-18, 220, 221-22, but also the report and testimony of an expert witness to support his contentions regarding maintaining proper speed, keeping the boat under proper control, keeping a proper lookout, and using reasonable care. Having reviewed Plaintiff's testimony and his expert's testimony, the court finds that Plaintiff has presented sufficient evidence to establish a *prima facie* case of negligence by Defendants.

**B. Plaintiff's Expert Witness**

Defendants argue that the opinions of Plaintiff's expert should be excluded for being unreliable. Mem. Supp. Mot. Summ. J. at 10. Specifically, Defendants contend that the opinion of Plaintiff's expert is faulty because the expert did not interview or otherwise obtain statements from Hyde or the other passenger of the boat in addition to Plaintiff. *Id.* at 18.

An expert may testify "in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the [expert] has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Under *Daubert v. Merrell Dow Pharmaceuticals*, the focus of the

inquiry into the reliability of expert testimony is the principles and methodology upon which the expert's conclusions are based. 509 U.S. 579, 594-95 (1993). To be sure expert testimony about boater negligence that is based solely on personal experience or on minimal facts and data may be excluded by a court. *See, e.g.*, *Holesapple v. Barrett*, 5 F. App'x 177, 179-80 (4th Cir. 2001) (finding expert's affidavit was inadmissible where there was "no mention of his consulting weather reports available at the time, testimony as to wave height, and the fact that there were a number of other boats in the area immediately around the boat on which the plaintiff was riding at the time of the accident"– "[a]ll of these factors should have been considered by the expert, in order to show that he had formed an opinion based on the facts of the particular incident rather than making an 'opinion' judgment based entirely on what he considers to be his experience, together with having reviewed the depositions"); *Ankuda v. R.N. Fish & Son, Inc.*, 535 F. Supp. 2d 170, 174 (D. Me. 2008) (excluding an expert's testimony based solely on his experience because the expert did not explain why that experience alone was a sufficient basis for his conclusions); *Sergent v. Estate of Brackin*, No. 1:07CV1112-LG-RHW, 2009 WL 1809572, *1 (S.D. Miss. June 24, 2009) (excluding expert's testimony regarding negligence when testimony was based solely on his review of the complaint and a one-page medical record of plaintiff's injuries).

      The opinions of Plaintiff's expert in this case, however, are based on ample data, and the court can find no cases in which an expert's testimony on boater negligence was excluded because of an expert's failure to interview all of the witnesses to an accident. In forming his opinions, in addition to interviewing Plaintiff and traveling with Plaintiff on a boat to determine the location of the accident, Plaintiff's expert inspected the vessel and consulted NOAA records on the tide and current, NOAA weather data from the nearest station and the nearest buoy to the

location of the accident, NOAA waves and wave height data from that buoy, and applicable rules and regulations. Davis Dep. at 2-5, 57. The expert did testify that not all the witnesses were available to him and that he does not always interview every possible witness in investigating and reporting on an accident. *See id.* at 50-51, 58. Significantly, he said that he considered his investigation complete without the other witnesses' statements, *id.* at 53, and that his opinions would not have changed had he spoken to the other witnesses before writing his report, *id.* at 58-60, 62-64, 67-68. Because the expert opinions are amply supported, the court declines to exclude the opinions of Plaintiff's expert.

### C. Plaintiff's Request for Partial Summary Judgment

The federal regulations Plaintiff cites in support of his contention that Defendants were required to undergo post-accident drug testing were promulgated "to reduce the incidence of drug abuse by *commercial* vessel personnel." 53 Fed. Reg. 47,064, 47,064 (Nov. 21, 1988) (emphasis added); *see also id.* at 47,065 ("The impairing effects of drugs and the substantial risks to public safety posed by *merchant vessel personnel* who use drugs underlies the compelling governmental interest in promulgating this rule." (emphasis added)). Defendants are correct that the vessel involved was recreational rather than for-hire and as such was exempted from the testing and reporting requirements cited by Plaintiff. *See* 46 C.F.R. §§ 4.01-3(a), 4.03-45; 4.03-50. Thus, those regulations do not govern here, and Plaintiff is not entitled to entry of summary judgment on the issue of liability.

In conclusion, Defendants' Motion for Summary Judgment is DENIED and Plaintiff's

request for partial summary judgment is DENIED.

This 27 July 2010.

                                                        W. Earl Britt
                                                        Senior U.S. District Judge